UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DAZLBET PARTNERS, LLC,　　　　　　　　　　CASE NO. 8:09-bk-22876-MGW

Debtor.
_____/

## CHAPTER 11 PLAN OF REORGANIZATION

Pursuant to Bankruptcy Code §1121(b) and other applicable law, DAZLBET PARTNERS, LLC, (the "Debtor") files this Chapter 11 Plan ("Plan"), and state as follows:

### ARTICLE I

### DEFINITIONS AND CONSTRUCTION

**Defined Terms**.

As used in this Plan, the following terms (which appear in this Plan with initial capitalized letters) shall have the meanings set forth below. Unless set forth differently herein, all definitions contained in 11 U.S.C. Section 101 shall apply herein.

1.1 Bankruptcy Code: "Bankruptcy Code" means Title 11 of the United States Code, §101 et. seq., as in effect on the Petition Date or as hereafter amended to the extent such amendments are applicable to this Chapter 11 Case.

1.2 Bankruptcy Court: "Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, or, to the extent the reference is withdrawn, the United States District Court for the Middle District of Florida, Tampa Division.

1.3 Bankruptcy Rules: "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as in effect on the Petition Date or as hereafter amended to the extent such amendments are applicable to the Chapter 11 Case.

1

1.4  Bar Date: "Bar Date" means the last date for filing a Proof of Claim against the Debtor in this Chapter 11 Case as fixed by the Bankruptcy Court.

1.5  Confirmation: "Confirmation" means the entry by the Bankruptcy Court of the Order confirming and approving this Plan or any subsequent version of such Plan.

1.6  Debtor: "Debtor" shall mean DAZLBET PARTNERS, LLC.

1.7  Debtor's Counsel: "Debtor's Counsel" shall mean Bernard J. Morse, Esq. and the law firm of Morse & Gomez, P.A. (collectively "M&G") of Tampa, Florida.

1.8  Petition Date: "Petition Date" means October 28, 2009.

1.9  Plan: "Plan" means this Chapter 11 Plan filed by the Debtor, and all schedules and other exhibits hereto, as well as any amendments, supplements, or modifications submitted by the Debtor in a manner consistent with the provisions of this Plan and the Bankruptcy Code.

1.10  Apartment Complex: "Apartment Complex" means the 220 unit multi family housing project owned and operated by the Debtor in Bradenton, Florida.

## ARTICLE II

## DESIGNATION OF CLASSES AND TREATMENT OF CLAIMS[1]

2.0  Classes 1 and 5 are not impaired. All other Classes of creditor claims are impaired.

2.1  Class 1. Administrative Claims: Holders of allowed administrative claims will be paid on the date of Confirmation, or in accordance with the terms of any agreement for later payment.

2.2  Class 2. Priority and Secured Tax Claims: Class 2 consists of those governmental units with tax claims entitled to priority under Section 507 of the Bankruptcy Code or secured claims for ad valorem taxes including those owed for the year 2009, including any tax certificate holder. Holders of Class 2 claims shall be paid one hundred (100%) percent of their allowed claims together

---

[1] The Debtor reserves the right to object to any claim, or to challenge the extent, validity and/or priority of any lien. Unless provided for otherwise, all liens shall be unaffected by Confirmation of this Plan

2

with interest at the appropriate statutory rate applicable at the time of Confirmation in seventy-two (72) equal monthly payments. The first payment shall be due 120 days after Confirmation. The lien of any Class 2 creditor will be unaffected by Confirmation.

2.3   Class 3. <u>The Secured Claim of the United States Of America, Housing and Urban Development.</u>   The United States of America, Department of Housing and Urban Development ("HUD") holds a first priority mortgage on the Apartment Complex   The lien of HUD shall be unaffected by Confirmation of this Plan. The allowed claim of HUD shall be paid one hundred (100%) percent together with interest at the current market rate of interest at the time of Confirmation as determined by the Bankruptcy Court. Absent a determination by the Bankruptcy Court, the interest rate paid on the claim of HUD shall be five and one half (5.5%) percent. The full allowed claim of HUD shall be amortized over a period of forty (40) years and payable in monthly installment, provided that the full balance owed together with any accrued interest will balloon and be fully due and payable 120 months following Confirmation. Within thirty (30) days following Confirmation the Debtor will execute a new promissory note and other loan documents as reasonably necessary to effectuate the terms of the confirmed Plan. In the event the Debtor and HUD can not agree on the form and/or content of a promissory note and reasonably related loan documents the form and content of such documents shall be as approved by the Bankruptcy Court after a motion by the Debtor and/or HUD. All agreements between the Debtor and HUD will be discharged by Confirmation and the new loan documents reflecting the terms set forth herein shall be the only contractual terms between the Debtor and HUD.

2.4   Class 4. <u>General Unsecured Claims.</u>  Class 4 creditors are those creditors with allowed unsecured claims. Class 4 creditors will be paid one hundred (100%) percent of their allowed claims in five (5) equal annual payments. The first payment will be due 180 days after Confirmation.

2.5     Class 5 <u>Equity Security Holders</u>: The interest of equity security holders shall be unimpaired.

## ARTICLE III

## DETERMINATION OF CLAIMS

3.1.    Unless otherwise ordered by the Bankruptcy Court, and except as to any late-filed claims and claims resulting from the rejection of executory contracts and unexpired leases, the Debtor shall be required to file and properly serve upon the applicable creditor any and all objections to claims and interests, whether timely filed or scheduled, with the Bankruptcy Court, by no later than ninety (90) days following Confirmation.

## ARTICLE IV

## MEANS OF EXECUTION OF THIS PLAN

4.1     The Debtor's Plan will be funded from future income. Creditors are urged to review the Disclosure Statement filed together with this Plan to learn more about the Debtor's history and future plans for operating its business.

## ARTICLE V

## RETENTION OF JURISDICTION

5.1     The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case as allowed for by the Bankruptcy Code and other applicable law. Confirmation of this Plan shall not extinguish or release any claims held by the Debtor against any person or entity including, but not limited to, causes of action under Chapter 5 of the Bankruptcy Code or any other section or Chapter of the Bankruptcy Code regardless of the disclosure or discussion of such claims or causes of action in the Disclosure Statement that accompanies or is submitted in connection with Confirmation of this or any other Plan proposed by the Debtor.

## ARTICLE VI

# MISCELLANEOUS

6.1    No Admissions. This Plan provides for the resolution, settlement, and compromise of Claims against the Debtor. No proposed course of conduct contemplated herein shall be construed as legally or equitably binding upon the Debtor, or any other party, prior to the Confirmation Date.

6.2    Amendments. The Debtor retains the right to amend, modify, or supplement this Plan at any time prior to or after the Confirmation Hearing, to the full extent that this is authorized by law. Notice of any amendment which materially adversely affects any Creditors shall be sent to such parties as the Bankruptcy Court may direct.

6.3    Headings. The headings used in this Plan are inserted for convenience only and shall not be deemed to be a part of this Plan or in any manner affect the construction of the provisions of this Plan.

6.4    Notices. All notices, motions, objections, or affidavits required by this Plan to be served on the Debtor shall be in writing, addressed as follows:

If to the Debtor:

BERNARD J. MORSE, ESQUIRE
MORSE & GOMEZ, PA
11268 Winthrop Main Street
Suite 102
Riverview, FL  33578

and shall be sent by United States first class mail or overnight delivery service or shall be made by hand delivery, but telecopy transmission alone shall not suffice as valid notice pursuant to this Plan.

6.5    Construction. Where not inconsistent or in conflict with the provisions of this Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Bankruptcy Code and in the Bankruptcy Rules.

6.6    Severability. If of any section of this Plan, or the application of any section, is held invalid or unenforceable by the Bankruptcy Court at the Confirmation Hearing, then the remainder of

this Plan, and the application of such section to persons or circumstances other than those with respect to which it is held invalid or unenforceable, shall not be affected thereby.

6.7     11 U.S.C. Section 1146. The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under this Plan, including, but not limited to any promissory note, security agreement, mortgage, or similar instrument, may not be taxed under any law imposing a stamp tax or similar tax.

Dated this 16th day of February, 2010.

MORSE & GOMEZ, P.A.

BERNARD J. MORSE, ESQUIRE
Florida Bar No. 462251
11268 Winthrop Main Street
Suite 102
Riverview, FL 33578
Telephone: (813) 341-8400
Facsimile: (813) 463-1807
Email: chipmorse@morsegomez.com

f:\shared office files\dazlbet partners, llc\chapter 11 pleading\plan.doc

6