UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                             Case No. 8:09–bk–22876–MGW
                                                      Chapter 11

Dazlbet Partners, LLC
c/o Royal Palm Terrace Apartments
5030 26th St E
Bradenton, FL 34203

           Debtor*            /

ORDER CONDITIONALLY APPROVING DISCLOSURE STATEMENT,
FIXING TIME TO FILE OBJECTIONS TO THE DISCLOSURE STATEMENT,
FIXING TIME TO FILE APPLICATIONS FOR ADMINISTRATIVE
EXPENSES, SETTING HEARING ON CONFIRMATION OF THE PLAN, AND
<u>SETTING DEADLINES WITH RESPECT TO CONFIRMATION HEARING</u>

        THIS CASE came on for consideration of the conditional approval of the disclosure statement ("**Disclosure Statement**") (Doc. No. 108 ) filed by the debtor ("**Plan Proponent**"). Based upon a review of the Disclosure Statement, the Court has determined that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and should be conditionally approved. Accordingly, it is

        **ORDERED:**

        1.      Conditional Approval of Disclosure Statement. The Disclosure Statement is conditionally approved subject to the rights of parties to object as described below.

        2.      Objections to Disclosure Statement. Any written objections to the Disclosure Statement shall be filed with the Court and served on the Local Rule 1007–2 Parties in Interest List no later than seven (7) days prior to the date of the hearing on confirmation as set forth below ("**Confirmation Hearing**"). If no objections are filed within the time fixed, the conditional approval of the Disclosure Statement shall become final. Any objections or requests to modify the Disclosure Statement shall be considered at the Confirmation Hearing.

        3.      Confirmation Hearing. The Court will conduct a hearing on confirmation of the Plan, including timely filed objections to confirmation, objections to the Disclosure Statement, motions for cramdown, applications for compensation, and motions for allowance of administrative claims on ___April 7, 2010___ at ___10:00 a.m.___ in Tampa, FL – Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue . An election of application of section 1111(b)(2) of the Bankruptcy Code by a class of secured creditors may be made at any time prior to the conclusion of the Confirmation Hearing. The hearing may be adjourned from time to time by announcement made in open court without further notice. If the Plan is not confirmed, the Court will also consider dismissal or conversion of the case.

        4.      Date for Acceptance or Rejection of the Plan. Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan no later than eight (8) days before the date of the Confirmation Hearing. The ballot should be filed in paper form, not electronically, and the ballots will be docketed by the Clerk's office.

5. Objections to Confirmation. Objections to confirmation shall be filed with the Court and served on the Local Rule 1007–2 Parties in Interest List no later than seven (7) days before the date of the Confirmation Hearing.

6. Ballot Tabulation. In accordance with Local Rule 3018–1(a), the Plan Proponent shall file a ballot tabulation no later than 96 hours prior to the time set for the Confirmation Hearing.

7. Service of Solicitation Package. No later than five days after entry of this order, the Plan Proponent shall serve all parties entitled to service under Fed. R. Bankr. P. 3017(d) with copies of the Plan, Disclosure Statement, this Order, and ballots for accepting or rejecting the Plan and a certificate of service evidencing service of same shall be filed with the Court within three (3) days thereafter.

8. Administrative Claims Bar Date. All creditors and parties in interest that assert a claim against the Debtor which arose after the filing of this case, including all professionals seeking compensation from the estate of the Debtor pursuant to section 330 of the Bankruptcy Code, must file motions or applications for the allowance of such claims with the Court no later than fifteen (15) days after the entry of this order. Any motions or applications filed may be heard at the Confirmation Hearing if properly scheduled and noticed by the applicant. Any motion or application not heard at the Confirmation Hearing will be scheduled for hearing in the normal course.

9. Confirmation Affidavit. Three (3) days prior to the Confirmation Hearing, the Plan Proponent shall file a confirmation affidavit which shall contain the factual basis upon which the Plan Proponent relies in establishing that each of the requirements of section 1129 of the Bankruptcy Code are met.

Appropriate Attire. You are reminded that Local Rule 5072–1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on _February 17, 2010_ .

_____
Michael G. Williamson
United States Bankruptcy Judge

> Copies of this order to be served on all creditors and the Local Rule 1007–2 Parties in Interest List and proof of such service to be filed in accordance with Local Rule 7005–1 by counsel for Plan Proponent.

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.