UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DAZLBET PARTNERS, LLC,

CASE NO. 8:09-bk-22876-MGW
Chapter 11 case

Debtor.
_____/

## AFFIDAVIT AND MEMORANDUM IN SUPPORT OF CONFIRMATION

DAZLBET PARTNERS, LLC (the "Debtor"), as Debtor in this bankruptcy case, files the following affidavit and memorandum in support of the confirmation of the Plan of Reorganization and states:

### SUMMARY OF THE PLAN

It is the Debtor's intention that all creditors with allowed claims be paid one hundred (100%) percent. In order to accomplish this goal the Plan separates creditors and equity security holders into five (5) classifications. The first class of creditors consists of administrative claims which will be paid in full on the date of Confirmation or according to the billing terms of such creditor. Creditors in this class include professional fees, U. S. Trustee Fees, etc. The second class of claims consists of priority or secured claims for taxes including tax certificate holders. These creditors will receive a promissory note payable together with statutory allowed interest in seventy-two (72) equal monthly payments. The third class of creditors is The United States of America, Department of Housing and Urban Development ("HUD") with a lien on substantially all of the Debtor's assets. The Plan proposes to pay HUD in full with interest based on a forty (40) year amortization with a ten (10) year balloon. Each unsecured creditor will receive one hundred (100%) percent of its allowed claim in

1

five (5) equal annual payments. Lastly, equity security holders will be unimpaired.

## CONFIRMATION REQUIREMENTS OF 11 U.S.C. SECTION 1129

A.  Plan Compliance - 1129(a)(1).

The Plan complies with the applicable provisions of the Bankruptcy Code. By way of example, the Plan:

1. Designates, subject to Section 1122 of the Bankruptcy Code, classes of claims and interests;

2. Specifies any class of claims and interests that is not impaired under the Plan;

3. Provides the same treatment for each claim or interest of a particular class, unless the holder of a particular claim agrees to a less favorable treatment as such particular claim:

4. Provides adequate means for the Plans execution; and

5. Provides for the assumption and rejection of executory contracts.

B.  Proponent Compliant - 1129(a)(2).

The Debtor complied with the applicable provisions of the Bankruptcy Code. The Debtor is qualified to file a Plan. By way of example, the Debtor has:

1. Performed and complied with the duties imposed under Section 1107 of the Bankruptcy Code;

2. Solicited acceptances of the Plan only in accordance with Bankruptcy Code Section1125;

3. Obtained court orders for the employment of professionals; and

2

4.      Complied with the Code and the Bankruptcy Rules regarding the use, sale and lease of property of the estates.

C.      Good Faith - 1129(a)(3).

The Plan has been proposed in good faith and not by any means forbidden by law.

D.      Payment to Professionals - 1129(a)(4).

All payments paid, or to be paid, by the Debtor or in connection with this case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court. At the hearing on Confirmation (or such other hearing as the Bankruptcy Court schedules), the Court will determine, and to the extent appropriate, allow as reasonable certain fees and costs of administration including professional fees.

E.      Officers/Directors - 1129(a)(5).

No officer, director or insider of the Debtor is expected to be paid any salary or other compensation subsequent to confirmation except as provided for and disclosed in the Disclosure Statement.

F.      Government Approval - 1129(a)(6).

No regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtor or otherwise.

G.      Best Interest of Creditors - 1129(a)(7).

With respect to each impaired class of claims, each holder of a claim in such class has either accepted the Plan, or if a class consists of more than one (1) claimant, more than one-half in number and more than two-thirds in dollar amount of those casting ballots have accepted the Plan, or will receive or retain under the Plan on account of such a Claim(s) property of a value, as of the effective

date of the Plan, not less than the amount such Claimant would receive if the Debtor were liquidated under the Chapter 7 of the Bankruptcy Code on such date.

H. <u>Acceptance or Rejection of Plan - 1129(a)(8)</u>.

As described below and in the Ballot Tabulation filed with the Bankruptcy Court, at least one Class of Impaired Claims has accepted the Plan of Reorganization without consideration of the Ballot of any insider.

I. <u>Priority Claims - 1129(a)(9)</u>.

The Plan provides for payment in full of Administrative Claims and Priority Claims. Priority Tax Claims will receive the treatment required under the Bankruptcy Code.

J. <u>Acceptance by Impaired Classes - 1129(a)(10)</u>.

One impaired class has accepted the Plan.

K. <u>Feasibility - 1129(a)(11) and (a)(12)</u>.

Funding for the Plan will come from the Debtor's future earnings. I am familiar with the Debtor's historical financial performance and with the changes to the Debtor's operations made during the Chapter 11 case. As a result I believe after extensive analysis that the Debtor will be able to fund all payments called for under the Plan.

L. <u>Retiree Claims - 1129(a)(13)</u>.

There are no unsecured claims for contribution to a retiree benefit plan. The Debtor does not provide retiree benefits which have been unfunded.

M. <u>Avoidance of Taxes - 1129(a)(14)</u>.

The Debtor submits that neither the avoidance of taxes not the avoidance of the application of Section 5 of the Securities Act of 1933 is the principal purpose of Confirmation of the Plan of the

Reorganization.

## OBJECTIONS TO CONFIRMATION

Objections to Confirmation have been filed and will be considered by the Court at the hearing on Confirmation.

MORSE & GOMEZ, P.A.

BERNARD J. MORSE, ESQUIRE<br>
Florida Bar No. 462251<br>
119 South Dakota Avenue<br>
Tampa, Florida 33606<br>
Telephone: (813) 301-1000<br>
Attorney for Debtor

## AFFIDAVIT IN SUPPORT OF CONFIRMATION

STATE OF FLORIDA<br>
COUNTY OF SARASOTA

BEFORE ME, personally appeared Samuel A. Reasoner, who after being duly sworn, depose and state:

1. I am the managing principal of the Debtor in this bankruptcy proceeding.

2. I have personal knowledge of the factual matters set forth in the Debtor's Confirmation Memorandum and Affidavit in Support of Confirmation.

3. I declare under penalty of perjury that the facts contained in the Debtor's

5

Confirmation Memorandum and Affidavit in Support of Confirmation are true and correct to the best of my knowledge

FURTHER AFFIANT SAYETH NOT

_____
SAMUEL A. REASONER

STATE OF FLORIDA
COUNTY OF SARASOTA

The foregoing instrument was acknowledged before me this 1st day of April, 2010 by Samuel A. Reasoner, who is personally known to me or who did produce identification consisting of FLORIDA Drivers License and who did take an oath.



Notary Public Cherlyn Pritchard
My Commission Expires:

f:\shared office files\dazlbet partners, llc\chapter 11 pleading\confirmation.affidavit&memo.doc

6